UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NELVIN WARE,<br><br>                         Plaintiff,<br><br>vs.<br><br>SILVER STATE INDUSTRIES, INC., et al.,<br><br>                         Defendants. | Case No. 2:06-cv-01362-RCJ-PAL<br><br>**ORDER**<br><br>(M/Compel - #28) |

This matter is before the court on plaintiff's Motion for Order Directing the Defendants to Allow Paul Klein to Possess Plaintiff Legal Files (#28) filed August 23, 2007. The court has considered the motion and defendants' Opposition (#30) filed September 4, 2007. No reply was filed and the time for filing one has run.

**BACKGROUND**

Plaintiff Nelvin Ware, proceeding *in Propria Persona*, filed an application to proceed *In Forma Pauperis* (#1) October 25, 2006. The court granted the application (#1) in an order (#2) November 2, 2006. Ware then filed a civil rights complaint (#7) February 15, 2007 alleging violations of 42 U.S.C. § 1983 against defendants. On August 23, 2007, Ware filed the current motion (#28).

In his motion (#28), Ware claims he and fellow inmate Paul Klein have been harassed and that defendants are "wilfully blocking, intereferring [sic] and delaying my ability to prosecute this action." Klein states in an attached unsworn "affidavit" that he has been threatened with discipline for having legal files, documents, and other materials belonging to other inmates he is helping. Ware also argues defendants have deprived him meaningful court access by prohibiting Klein from rendering legal assistance to Ware because 1) he has no legal experience, and is completely dependent on others for assistance; 2) Klein is the only person he trusts to help him prosecute this case; and 3) the prison law

library is not adequately accessible. According to Ware, the prison's legal library and its personnel are not available on a regular basis, and the law clerks are not trained as paralegals. Ware claims in his attached unsworn "affidavit" that he has "serious problems with gaining meaningful access to the prison law library" because the law library is only open when someone is available to staff it, and that the law library has only been open for inmates to obtain legal mail about six to eight times over approximately the past 18 days.

In defendants' very brief response (#30), defendants argue that Klein, not Ware, should be the moving party because the points and authorities Ware cites are based on the "'jailhouse lawyer's' right to represent the inmates." (Opp. at 1) Defendants state Ware "has access to his files and is not being denied the use of whatever means are available to him to properly prosecute his case." (Id at 1-2)

**DISCUSSION**

Defendants incorrectly characterize Ware's motion as a request by Klein, a "jailhouse lawyer," to represent inmates. Although Klein has submitted a statement in support of Ware's motion, Ware clearly indicates he is requesting Klein's assistance because Klein is the only person Ware trusts, Ware has no legal experience, and is dependant on others for assistance with understanding the law and preparing pleadings. Plaintiff recognizes that "jailhouse lawyers" do not have the right to assist other inmates, but argues that other inmates have the right to be helped by "jailhouse lawyers" in order to protect their constitutional right to court access.

> It is well established that inmates have a constitutional right of access to the court. That right is premised on the Due Process Clause and assures inmates of the opportunity to challenge violations of their constitutional rights and unlawful convictions. This right adheres to civil rights as well as to habeas corpus proceedings.

Storseth v. Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981) (citations omitted). Thus, inmates such as Ware may challenge an alleged violation of their constitutional right of access to the court.

In addition, "The state has an <u>affirmative duty</u> to provide constitutionally adequate access, and <u>bears the burden</u> of demonstrating the adequacy of the chosen method." Storseth, 654 F.2d at 1352 (citations omitted) (emphasis added). While "the State may impose reasonable restrictions upon . . . the giving and the seeking of [legal] assistance" between inmates, prison authorities may not completely prohibit such activity unless "the state provides some reasonable alternative to assist inmates in the

preparation of applications for . . . relief." <u>Johnson v. Avery</u>, 393 U.S. 483, 490 (1969).  In determining the adequacy of such alternatives, "mere availability of alternatives is not enough and . . . the key inquiry is whether a 'reasonably adequate opportunity' to present claimed violations of fundamental constitutional rights is provided." <u>Buise v. Hudkins</u>, 584 F.2d 223, 228 (7th Cir. 1978), <u>citing</u>, <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977).

Here, defendants have not responded to Ware's claims that defendants are wilfully interfering with his ability to prosecute this action and depriving him of meaningful court access.  The defendants have also not addressed what access Ware has, stating only that he has access to his own files and "is not being denied the use of <u>whatever means</u> are available to him to properly prosecute his case." (Opp. at 2) (emphasis added)  Since defendants have their burden of responding to these allegations and proving the adequacy of the available methods of court access, the court will require the defendants to meet their burden of establishing that Ware has constitutionally adequate access to the court.

For the foregoing reasons and good cause appearing,

**IT IS ORDERED** that defendants shall have until **December 6, 2007** to file a supplemental response outlining what access to the court Ware has in his place of incarceration, and why defendants believe his access is constitutionally adequate.  Plaintiff shall have **15 days** to file a reply to defendants' supplemental response.

Dated this 6th day of November, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE