# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NELVIN WARE,

    Plaintiff,

vs.

SILVER STATE INDUSTRIES INC., FRED TOCCO aka Tocco and M. Marsh,

    Defendants.

2:06-cv-01362-RCJ-PAL

**ORDER**

## INTRODUCTION

This matter comes before the Court on Defendants Fred Tocco, Maryann Marsh, and Silver State Industries, Inc.'s (collectively "Defendants") Motion to Dismiss/Motion for Summary Judgment (#15) pursuant to Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 56 and Plaintiff Nelvin Ware's Motion to Strike. (#18).  The Court has considered Defendants' and Plaintiff's Motions and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#15) is *granted* in part and *denied* in part.  IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#18) is *denied*.

## BACKGROUND

Plaintiff's Complaint alleges various constitutional violations that arise from the following factual allegations: (1) Defendants failed to properly train Plaintiff in the body shop of the Prison

1  Industry automotive section resulting in Plaintiff's injuries; (2) Defendants denied Plaintiff
2  employment in the Prison Industry automotive section; (3) Defendants denied Plaintiff disability
3  benefits as a result of his injuries; and (4) Defendants retaliated against Plaintiff.

Plaintiff is an inmate at the Southern Desert Correctional Center ("SDCC") in Southern Nevada. On July 7, 2005, Plaintiff worked as a body shop employee in the Prison Industry section of SDCC. Specifically, on July 7, 2005, while working on a 1966 Mustang, Plaintiff attempted to start the vehicle from under the hood after the ignition key failed to start the car. The vehicle started, rolled forward, and knocked the Plaintiff to the ground. As a result of the accident, Plaintiff suffered injuries that prevented him from continuing work. Plaintiff alleges that the leadman, with supervisor approval and consent, instructed him, without providing safety instructions, how to start the car from under the hood when the ignition fails. However, according to the affidavit of Fred Tocco, Plaintiff was never assigned to a leadman, as Silver State Industries does not assign inmates to be in charge of other inmates, nor was Plaintiff permitted to move a car. *Id.* Tocco states that "the actions taken by [Plaintiff] were by his own choice, resulting in him disregarding all safety procedures and ultimately resulting in his injury." *Id.*

Following the accident, Plaintiff made a claim for temporary disability with Sierra Nevada administrators. However, Plaintiff's claim was denied, and the denial was upheld in two different appeals based upon Nevada law prohibiting an inmate from receiving disability.

On November 14, 2006, the same day as his medical release, Plaintiff consulted with Tocco regarding Plaintiff's continued employment. However, Plaintiff opted to quit his job with Prison Industries. *Id.* Due to Plaintiff quitting, Tocco completed a Notification of Suspension/Termination form indicating that Plaintiff had quit his job. The Notification also provided Plaintiff with notice that he could not reapply for any position in Prison Industries for a period of six months.

On November 15, 2006, Plaintiff solicited Sgt. Plumlee to get his gate pass back in order to return to work in the Prison Industries section. Prison Industries is a secure area that inmates can only access if they are employed in the section. At the time Plaintiff made the attempt to gain access he had full knowledge he had quit his Prison Industries job the day before. As a result, Plaintiff was disciplined. As of April 16, 2006, Defendants re-employed Plaintiff as a porter.

## I.     MOTION TO STRIKE (#18)

Plaintiff asks this Court to strike Defendants' Motion to Dismiss because Defendants failed to serve Plaintiff with the Motion. Defendants' counsel represents to the Court that they mailed the motion to Plaintiff and there must have been a problem with the mail, as Plaintiff apparently did not receive the document. However, as of August 10, 2007, Defendants had mailed another copy of the motion to Plaintiff. (#24 at 2).

Plaintiff's Motion to Strike Defendants Motion is denied for two reasons: First, Defendants represent to the Court that they mailed the Motion to the Plaintiff. Second, by July 23, 2007, the date Plaintiff filed his Motion to Strike, Plaintiff had learned of the pending Motion. Therefore, Plaintiff's Motion to Strike (#18) is *denied*.

## II.    MOTION TO DISMISS/SUMMARY JUDGMENT (#15)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they

are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403. If either party submits materials outside of the pleadings in support or in opposition to the motion to dismiss, and the district court relies on these materials, the motion may be treated as one for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the party opposing the motion may not rest on the mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the nonmoving party bears the burden of a claim or defense at trial, the moving party can meet its initial burden on summary judgment by showing that there is an absence of evidence to support the

nonmoving party's case. *Celotex*, 477 U.S. at 325. Conversely, when the moving party bears the burden of proof at trial, then it must establish each element of its case at summary judgment.

### A. Qualified Immunity.

Defendants contend that Plaintiff's case should be dismissed because Defendants' actions are shielded by the doctrine of qualified immunity. Courts have recognized two types of immunity from suit under 42 U.S.C. § 1983–qualified immunity and absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so the costs and expenses of trial are avoided where the defense is dispositive. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Resolving the issue of qualified immunity involves a two step inquiry. First, taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers' conduct violated a constitutional right.[1] If a constitutional violation occurred, a court must further inquire "whether the right was clearly established." *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993). "If the law did not put the [officials] on notice that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier*, 533 U.S. at 202. Applying this test to the present circumstances, Defendants are entitled to qualified immunity on all claims except Plaintiff's claim for retaliation.

### 1. Denial of Disability.

Plaintiff bases a cause of action on Defendants denying him disability after the accident. The

---

[1] Similarly, to prevail under 42 U.S.C. § 1983, plaintiff must show that defendants acted under color of state law to deprive him of "rights, privileges or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. Thus, for the same reason Defendants are entitled to qualified immunity (the alleged facts do not show that Defendants violated Plaintiff's constitutional or statutory rights), Defendants would be entitled to dismissal of the § 1983 claims against them.

1  Court's "denial of disability analysis" begins with identification of the specific constitutional right
2  infringed by the officers' denial of disability.  Plaintiff, in Count 3, claims that Defendants' denial
3  of his State Industrial Insurance Claim, Claim No: 050660000805, was unconstitutional because it
4  deprived him of his equal protection, equal treatment, and due process rights guaranteed under the
5  State and Federal Constitutions, the Bill of Rights, and Treaty of Human Rights.  Contrary to
6  Plaintiff's assertion, there is not a specific constitutional right violated with regard to denial of
7  disability.

8        According to NRS 616C.475(2), incarcerated inmates are not entitled to disability payments.
9  Specifically, "an injured employee or his dependents are not entitled to accrue or be paid any benefits
10 for a temporary total disability during the time the injured employee is incarcerated." NEV. REV.
11 STAT. § 616C.475(2).  There is no indication of any constitutional violations from Defendants
12 denying Plaintiff disability.  Therefore, the officials are protected by qualified immunity on the
13 denial of disability claim.

14       **2.    Failure to Properly Train Plaintiff.**

15       Defendants did not infringe on Plaintiff's constitutional rights by allegedly failing to properly
16 train Plaintiff while he worked in Prison Industries.  Taking the allegations in the complaint as true
17 and assuming Defendants did fail to train Plaintiff in his job, this failure did not result in a
18 constitutional violation.  The Court cannot determine which constitutional right would be violated
19 from a failure to train an employee.  Furthermore, Plaintiff failed to cited any authority to support
20 his claim that a failure to train an employee inmate results in a denial of a citizen's constitutional
21 rights.  Thus, Defendants are entitled to dismissal of the claim based upon Fed. R. Civ. P. 12(b)(6).
22 Defendants are entitled to qualified immunity because a failure to properly train an employee does
23 not infringe upon one's constitutional rights.

24

### 3. Failure to Provide Safe Work Environment.

The specific constitutional right infringed upon when a prison fails to provide a safe work environment would be the Eighth Amendment–right to be free from cruel and unusual punishment. The Eighth Amendment's prohibition against cruel and unusual punishment "protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "The Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to 'perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." *Id.* A prisoner must show "(1) that the deprivation he suffered was "objectively, sufficiently serious; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Id.* (citations omitted).

Plaintiff's prison work does not implicate the Eighth Amendment's protection. First, Plaintiff's complaint lacks any allegations that a prison official "compelled" him to start the car from under the hood or work in the Prison Industries section. In contrast to the requirement that the inmate be compelled to perform the work, the facts, as contained in the complaint and assumed to be true for the purposes of a motion to dismiss, indicate that following the accident Plaintiff desired to return to work in Prison Industries. While an unsafe work environment may violate an inmates Eighth Amendment rights, Plaintiff's allegations of an unsafe work environment in this case do not invoke the Eighth Amendment's protection. Specifically, Plaintiff failed to allege that prison officials compelled him to perform physical labor which was either beyond his strength, endangered his life or health, or caused him undue pain. Therefore, Defendants are entitled to qualified immunity.

### 4. Due Process Claim.

The Fourteenth Amendment prohibits the deprivation of liberty or property without due

process of law. A due process claim is cognizable only if there is a recognizable liberty or property interest at stake. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). Therefore, Plaintiff must establish the he had either a liberty interest or a property interest sufficient to trigger due process protection.

"A state prisoner has no independent constitutional right to employment." *Williams v. Sumner*, 648 F.Supp. 510, 512 (D. Nev. 1986). The constitution does not create a property or liberty interest in prison employment. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982). Therefore, Plaintiff failed to state a due process claim by failing to identify a recognizable liberty or property interest at stake. Defendants are entitled to qualified immunity on Plaintiff's due process claim because the alleged facts do not raise a constitutional violation.

### 5. Retaliation.

Plaintiff alleges that the Defendants retaliated against him after Plaintiff notified them of his intentions to pursue civil rights litigation. Plaintiff's retaliation claim raises First Amendment issues. Of "fundamental import to prisoners" are their First Amendment rights to file prison grievances and to pursues civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermines those protections, "such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* (citations omitted). "[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes" and is cognizable under § 1983. *Pratt v. Rowland*, 65 F.3d 802, 806, n. 4 (9th Cir. 1995).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) an assertion that a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

Defendants' Motion to Dismiss/Motion for Summary Judgment fails to address Plaintiff's retaliation claim. However, Plaintiff has sufficiently plead a retaliation cause of action by alleging that the Defendants (1) caused the Plaintiff to be falsely accused of a violation of the code of penal discipline by falsifying his Classification records and had the inmate employment officer delay and hinder in every way Plaintiff's attempt to gain employment, (2) because he, (3) exercised his First Amendment rights to file prison grievances and otherwise seek access to the legal process, and that (4) beyond imposing those tangible harms, the officials' actions chilled his First Amendment rights, and (5) were not undertaken to advance legitimate penological purposes.

Therefore, Defendants are not entitled to qualified immunity regarding Plaintiff's retaliation claim. Furthermore, Defendants have failed to demonstrate that there are no genuine issues of material fact on this claim. While the affidavits Defendants submitted explain the violation of the penal code and why employment was denied, it fails to specifically address the issues in relation to the retaliation claim and fails to address the allegation that Defendants falsified Plaintiff's Classification records. Plaintiff pled facts sufficient to state a claim against the Defendants for retaliation.

**B.   Title VII Claim.**

Plaintiff brings a Title VII claim against his prison employer because the employer did not allow him back at work following the accident. Under Title VII, "it is unlawful...for an employer...to discriminate against any individual" because of the "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff failed to make any allegations that the employer discriminated against him because of his race, color, religion, sex, or national origin. Therefore, the Title VII claim is dismissed.

**C.     Injunctive Relief.**

Plaintiff's complaint prays for injunctive relief. Qualified immunity is only immunity from a suit for damages, and does not provide immunity from suit for declaratory or injunctive relief. *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007). An injunction should issue when the plaintiff shows "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [the plaintiff's] favor." *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007) (quoting *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). Defendants assert that injunctive relief should be denied because the elements are not satisfied.

However, Plaintiff is not seeking a cause of action for injunctive relief, but Plaintiff merely requests "Injunctive Relief as the Court may find just and proper" in his prayer for relief. In this case, if Plaintiff establishes that there is a likelihood of success on the merits regarding the retaliation claim, injunctive relief may be appropriate.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss/Motion for Summary Judgment (#15) is *granted* in part and *denied* in part. The Court dismisses any and all claims against the Defendants that arise from the allegations that Defendants failed to properly train Plaintiff, failed to provide a safe work environment, denied Plaintiff disability, and denied Plaintiff his due process rights. These claims fail to rase a constitutional issue and Defendants are entitled to qualified immunity. Furthermore, Plaintiff's Title VII claim is dismissed.

However, the Court *denies* Defendants' Motion to Dismiss/Motion for Summary Judgment only as it relates to Plaintiff's retaliation claim and Plaintiff's prayer for injunctive relief. Plaintiff's retaliation claim raises First Amendment issues, which if established, will entitled Plaintiff to relief.

1  IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#18) is *denied*.

2  DATED: March 18, 2008

3  _____
ROBERT C. JONES
4  UNITED STATES DISTRICT COURT JUDGE

(jb)